Requestor: Peter A. Tulin, City Attorney City of Saratoga Springs City Hall Saratoga Springs, New York 12866
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a member of the Saratoga Springs common council may be appointed as executive director of the Saratoga Springs Housing Authority.
The Saratoga Springs Housing Authority is a municipal housing authority established by State law (Public Housing Law, § 450). It is a body corporate and politic and has the powers and duties conferred on municipal housing authorities by the provisions of the Public Housing Law, (ibid.). It is organized under the provisions of that law (ibid.).
Municipal housing authorities are independent corporations, separate from the State and its municipalities (1985 Op Atty Gen [Inf] 68).
The mayor of a city has responsibility for appointing the members of the board of a municipal housing authority (Public Housing Law, §30[2]). Not more than one member of an authority may be an official or an employee of the municipality at any one time (id., § 30[4]). A municipal housing authority may utilize the corporation counsel of the municipality for any legal services it may require (id., § 32[1]). Officers and employees of the municipality may be transferred to the authority (id., § 33).
Thus, a municipal housing authority is a public corporation, legally separate from municipal government. The Saratoga Springs Housing Authority, as an entity, is legally independent of the City of Saratoga Springs. There are no restrictions in State law on municipal officers or employees also serving as officers or employees of the housing authority, except that not more than one may serve on an authority's board. You have informed us that the City of Saratoga Springs provides no funding in its budget for housing authority purposes, nor does the city council take any action with respect to housing authority activities and projects. Given the independence of the authority from the city council, there is, in our view, no incompatibility between the positions of member of the Saratoga Springs city council and executive director of the housing authority. The city and the authority are separate legal entities. While the establishment of compensation for employees of a municipal housing authority is subject to the approval of the legislative body of the municipality (id., § 32[1]), in our view this power of approval is not, by itself, a source of incompatibility. The affected councilperson should recuse himself from these deliberations.
We conclude that, based upon the powers given the Saratoga Springs city council, a person may hold simultaneously the positions of member of the Saratoga Springs city council and executive director of the Saratoga Springs Housing Authority.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.